**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000625
30-JUL-2026
08:04 AM
Dkt. 48 SO**

NO. CAAP-25-0000625


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CENTURY CAMPUS HOUSING MANAGEMENT, L.P.,
Plaintiff/Counterclaim Defendant-Appellee
v.
ELDA HANA, LLC; 2280 KUHIO AVENUE DEVELOPMENT, LLC,
Defendants/Counterclaim Plaintiffs-Appellants, and
Doe Defendants 1-10, et. al., Defendants.


and


2280 KUHIO AVENUE DEVELOPMENT, LLC,
Third-Party Plaintiff-Appellant,
v.
HAWAIIAN ISLAND HOMES, LTD.;
PETER B. SAVIO, AS PRESIDENT OF HAWAIIAN ISLAND HOMES, LTD.;
GARRET TOM, AS CHIEF FINANCIAL OFFICER OF
HAWAIIAN ISLAND HOMES, LTD., Third-Party Defendants-Appellees,
and DOE DEFENDANTS 1-10, et. al., Third-Party Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC101000680)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Gluck, JJ.)


Defendants/Counterclaim Plaintiffs-Appellants Elda
Hana, LLC and 2280 Kuhio Avenue Development, LLC (**EH/KAD**) appeal
from the January 16, 2025 "Order Granting Plaintiff/Counterclaim
Defendant Century Campus Housing Management, L.P.'s [(**Century**)]

Motion to Dismiss with Prejudice [EH/KAD's] First Amended Counterclaim Filed on March 5, 2020 [Dkt. 325], Filed on January 30, 2024" (**Order Granting MTD**), the February 25, 2025 "Order Denying Defendants/Counterclaim Plaintiff's Non-Hearing Motion for Reconsideration on the Order for Dismissal with Prejudice Entered Herein on January 16, 2025" (**Order Denying Reconsideration**), and the August 20, 2025 "Final Judgment."[1]  On June 5, 2026, pursuant to Hawaiʻi Revised Statutes (**HRS**) § 602-57(3) (2016), we temporarily remanded this matter to the Circuit Court of the First Circuit (**Circuit Court**) for entry of an amended final judgment that complies with Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).  The Circuit Court entered an Amended Final Judgment on June 16, 2026 (**Amended Final Judgment**).[2]  Jurisdiction reverted to this court.

On appeal, EH/KAD argue that the Circuit Court erred in dismissing this matter with prejudice:  they contend, inter alia, that the Circuit Court "failed to consider or explain on the record why lesser sanctions were not adequate to serve justice."  Upon careful review of the record and the briefs submitted, and having given due consideration to the arguments advanced and the issues raised, we vacate the Order Granting MTD, the Order Denying Reconsideration, the Final Judgment and the Amended Final Judgment, and we remand for further proceedings.

This litigation began in March of 2010, when Century filed a complaint against EH/KAD for breach of contract.  EH/KAD filed a counterclaim.  Century filed motions for partial summary judgment as to certain counts of the counterclaim, after which the case was appealed to this court and remanded to the Circuit Court.  Century Campus Hous. Mgmt., L.P. v. Elda Hana, LLC, Nos.

---

[1]     The Honorable John M. Tonaki presided.

[2]     The Honorable James H. Ashford presided.

CAAP-15-0000020 & CAAP-15-0000470, 2018 WL 637373 (Haw. App. Jan. 31, 2018) (mem. op.).

In March 2020 — after remand — EH/KAD filed an amended counterclaim, and Century answered. For almost four years, there were no filings in the case other than a few notices of appearance and withdrawal of counsel. In January 2024, Century filed a motion to dismiss EH/KAD's amended counterclaim with prejudice (**Century's MTD**) pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) 41(b). The entire "Discussion" section of the memorandum in support of Century's MTD stated:

> As detailed above, since the filing of the [First Amended Counterclaim] in early March 2020, Defendants have done nothing to prosecute their claim. Defendants have not propounded any discovery, filed no motions and have failed to file a pre-trial statement. Forty-six months would certainly appear to be proof of a lack of diligence and/or failure to prosecute. It might well be deemed an abandonment of claim.

EH/KAD opposed Century's MTD. The Circuit Court did not hold a hearing on Century's MTD — that is, the Circuit Court considered only the parties' written submissions — and issued the following Minute Order on April 17, 2024:

> 4/17/24: Court's Minute Order re: [Century's MTD] having come before the court, the court ordered the motion to be submitted on the briefs without a hearing Dkt. 347 filed March 18, 2024. After consideration of [Century's MTD] and [EH/KAD's] Memorandum in Opposition to the Motion, the court rules as follows: The court will grant the motion and dismiss [EH/KAD's] First Amended Counterclaim with prejudice. The dismissal is predicated on [HRCP] Rule 41(b) for failure of [EH/KAD] to take any action for close to four years to prosecute the counterclaim. [Century's] counsel to prepare written order. Parties served via JEFS.

The next substantive docket entry was the proposed order (filed by Century) on January 10, 2025. The Circuit Court entered a written order on January 16, 2025, which provides in full:

> On January 30, 2024, [Century] filed its [MTD] with Prejudice [EH/KAD's] First Amended Counterclaim (**_Motion_**), which came before the Honorable John M. Tonaki. The Motion was filed pursuant to [HRCP] Rule 41(b). On March 18, 2024, the Court ordered the [M]otion to be submitted on the briefs without a hearing [Dkt 347]. On March 27, 2024, [EH/KAD] filed its Memorandum in Opposition to [Century's MTD] [EH/KAD's] First Amended Counterclaim Filed on March 5, 2020 [Dkt. 325].

3

> The Court, having considered the Motion, the Opposition, and the exhibits thereto, and the arguments of counsel, and being duly advised of the record and files herein, and for good cause shown, entered its Order Granting [Century's MTD] with prejudice on April 17, 2024. The dismissal is predicated on HRCP Rule 41(b) for failure of counterclaim plaintiff to take any action for close to four (4) years to prosecute the counterclaim.
>
> Therefore, in accordance with the Court Order IT IS HEREBY ORDERED, ADJUDGED AND DECREED that [Century's MTD] is GRANTED for the reasons set forth in the Court's minutes which are attached hereto as Exhibit A.[3]

EH/KAD filed a Motion for Reconsideration, which the Circuit Court denied. The Final Judgment was entered on August 20, 2025.

In Erum v. Llego, 147 Hawaiʻi 368, 382, 465 P.3d 815, 829 (2020), the Hawaiʻi Supreme Court was clear that dismissal with prejudice is a "severe sanction" and that the trial court must explain why a lesser sanction is insufficient to "serve the interests of justice":

> It is well established that the involuntary dismissal of a complaint with prejudice is such a severe sanction that it should be ordered only in extreme circumstances . . . . [T]here are only two circumstances in which a trial court may, in its sound discretion, dismiss a claim with prejudice. Dismissal with prejudice is not an abuse of discretion when a plaintiff's deliberate delay or contumacious conduct causes actual prejudice. Additionally, because the sanction of dismissal with prejudice is one of last resort, it may be invoked only when the actual prejudice cannot be addressed through lesser sanctions. Therefore, we have stated that before dismissing a case with prejudice the trial court is to consider less severe sanctions and state why a lesser sanction is insufficient to serve the interests of justice.

(Cleaned up, footnote omitted, and emphasis added.) Thus, "whenever a case is involuntarily dismissed with prejudice, the trial court must state essential findings on the record or make written findings as to deliberate delay or contumacious conduct and actual prejudice and explain why a lesser sanction than

---

[3] The Circuit Court's minutes were not attached to the Order.

4

dismissal with prejudice is insufficient to serve the interests of justice."  Id. at 390, 465 P.3d at 837.

Here, the record does not show that the Circuit Court considered less severe sanctions — nor did it state its essential findings on the record or make written findings — as required by Erum.  It therefore erred in granting Century's MTD.

Based on the foregoing, we vacate (1) the January 16, 2025 "Order Granting Plaintiff/Counterclaim Defendant Century Campus Housing Management, L.P.'s Motion to Dismiss with Prejudice Elda Hanna [sic], LLC and 2280 Kuhio Avenue Development, LLC's First Amended Counterclaim Filed on March 5, 2020 [Dkt. 325], Filed on January 30, 2024," (2) the February 25, 2025 "Order Denying Defendants/Counterclaim Plaintiff's Non-Hearing Motion for Reconsideration on the Order for Dismissal with Prejudice Entered Herein on January 16, 2025," (3) the August 20, 2025 "Final Judgment," and (4) the June 16, 2026 "Amended Final Judgment."  This matter is remanded to the Circuit Court for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, July 30, 2026.

On the briefs:

Matthew M. Bracken,
for Plaintiff/Counterclaim
Defendant-Appellee.

Christian P Porter,
H. Maxwell Kopper and
Emily A Gardner,
(Porter Kiakona Kopper, LLP)
for Defendants/ Counterclaim
Plaintiffs-Appellants.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Daniel M. Gluck
Associate Judge